ON APPLICATION FOR REHEARING
BLANCHE, Judge.
I concur with my colleague in the refusal to grant a rehearing but am of the opinion that the contention of appellees that we were in error in basing our decision on a mathematical theory and computation deserves answer. In support of their application, appellees proceeded to offer us a computation based on evidence in the record which supports the theory that the passing maneuver did not create an emergency and that the driver of the Yan-dell vehicle needlessly panicked and caused the accident.
Notwithstanding a consideration of the speed and distance computations set forth in our opinion, the preponderance of the evidence as reflected by the testimony of the following witnesses shows that the passing maneuver of Stephen Grezaffi, ap-pellee, created a sudden emergency to the *319 Yandell vehicle and constituted negligence which was the sole and proximate cause of the accident. The testimony of Miss Yan-dell and the two witnesses in her car is convincing that the Grezaffi car pulled out in the passing lane at a time when anyone approaching from the opposite direction would reasonably believe that unless some evasive maneuver was taken a collision would occur. Ray Forrest testified that the accident occurred just after the Yandell car missed the back of his car. He described the accident as happening fast and that it occurred within a split second after she went by him. It should also be noted that he finally admitted seeing the Grezaffi vehicle move from the passing lane into the driving lane. The testimony of John F. Dauzat, Jr., that he though Grezaffi had time to pass is considerably weakened by his previous testimony that he knew it was going to be close.
Considering the foregoing, the result would be the same had we never referred to time and distance factors in arriving at our decision.
Application for rehearing denied.